UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
         CHARLES A. SISSON                 )        Case No. 06-10676-SSM
                                          )        Chapter 11
                     Debtor               )

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the motion of the debtor in possession for authority to

conduct an examination of Archway Builders, Inc. ("Archway"), and Richard Frank, its

president, under Rule 2004; and (2) the motion of Archway and Mr. Frank for a protective

order baring the examination.  A hearing was held on September 5, 2006.  After hearing

argument from the parties, the court took the motions under advisement.  For the reasons

stated, the motion for Rule 2004 examination will be denied, thereby mooting the motion for

protective order.

Background

Charles A. Sisson filed a voluntary petition for reorganization under chapter 11 of the

Bankruptcy Code in this court on June 23, 2006, and remains in possession of his estate as

debtor in possession.  On his schedules, he lists assets in the amount of $7,078,444—most of

which is claimed exempt—and liabilities in the amount of $4,291,814.  Included among the

liabilities is a "disputed" $992,815 debt of Cynthia G. Wilcox, while among the assets the

debtor lists "Claim against Cynthia Wilcox, Richard Franks, Gerson Zweifach, and Williams

& Connolly" in an amount stated to be "unknown."

1

The claim of Ms. Wilcox arises from a judgment in her favor in the amount of $847,224 by the United States District Court for the District of Columbia. She was represented in that litigation by attorney Gerson Zweifach of the law firm of Williams & Connolly. The judgment was subsequently affirmed on appeal and is final. The underlying controversy arose from a construction contract. Archway was the follow-on contractor, and its president, Mr. Frank, testified at the trial concerning the condition of the house at the time his company was brought on board. After the judgment in favor of Ms. Wilcox was affirmed on appeal, the debtor moved for relief under Rule 60(b)(3), Federal Rules of Civil Procedure, on the ground that the judgment had been obtained by means of a fraud upon the court—specifically, that Mr. Frank had been offered 25% of any recovery by Ms. Wilcox to testify on her behalf. The District Court, by order dated April 20, 2006, denied the motion and granted Ms. Wilcox's motion to enforce a supersedeas bond that the debtor had posted in the amount of $847,225.[1] An appeal from that ruling has been taken to the D.C. Circuit U.S. Court of Appeals.

## Discussion

On motion of "any party in interest," a bankruptcy court may order the examination of "any entity" concerning "the acts, conduct or property or . . . liabilities and financial condition of the debtor, or . . . any matter which may affect the administration of the debtor's estate, or . . . the debtor's right to a discharge." Fed.R.Bankr.P. 2004(a) & (b). As a leading commentator notes, Rule 2004 is the basic discovery device in bankruptcy cases. 9 Collier

---

[1]  The debtor represents that the bond amount has been paid but that additional amounts, totaling approximately $1 million, have been awarded as attorneys fees and expenses.

on Bankruptcy ¶ 2004.01, p. 2004-3 (15th ed. rev. 2000).  The scope of a Rule 2004

examination is very broad and is generally allowed for the purpose of discovering assets and

unearthing fraud.  *Id.* at ¶ 2004.02, p. 2004-6.  At the same time, a Rule 2004 examination

"may not be used for 'purposes of abuse or harassment' and it 'cannot stray into matters

which are not relevant to the basic inquiry.'"  *Id.*  In addition, many courts decline to permit

Rule 2004 examinations in furtherance of litigation that is pending in another court.  *In re

Duratech Industries, Inc.*, 241 B.R. 283 (E.D. N.Y. 1999).

      The motion before the court simply tracks the language of Rule 2004 as to scope of

the intended examination and does not explain how the examination would further the

administration of the case.  Given the context in which the examination is sought, it appears

that the debtor in possession simply wishes to use this court as an alternative forum to

continue litigation pending in another forum and to take discovery that has been denied him

in that forum.  It may be that there is some limited area of inquiry that should be permitted.

For example, even if the District Court judgment is likely to be res judicata on the amount

and validity of Ms. Wilcox's claim,[2] that would not necessarily prevent this court from

equitably subordinating all or a portion of the claim.  § 510(c), Bankruptcy Code.  There

may be other relevant inquiries as well.  The present motion, however, seeks an unrestricted

fishing expedition with no articulated basis for the court to conclude that examination of Mr.

Archer (let alone his company) will provide information necessary or useful for the

administration of this case.

---

[2]  *See Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); *In re Wizard
Software, Inc.*, 185 B.R. 512 (Bankr. E.D. Va. 1995).

3

<u>O R D E R</u>

For the foregoing reasons, it is

**ORDERED:**

1.  The motion for Rule 2004 examination is denied, without prejudice to the filing of a more carefully limited request supported by a showing that the information is likely to assist in administration of the case and that examination is not being pursued for an improper purpose.

2.  The motion for protective order is denied as moot.

3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.


Date: _____        _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge


Copies to:

Bruce W. Henry, Esquire
Henry, O'Donnell, Dahnke, and Walther, P.C.
4103 Chain Bridge Road, Suite 100
Fairfax, VA  22030
Counsel for the debtor in possession

Philip Clark Jones, Esquire
Bell, Boyd & Lloyd PLLC
1615 L Street, N.W.
Suite 1200
Washington, DC  20036
Counsel for Richard Frank and Archway Builders, Inc.

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210

Alexandria, VA  22314