UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    CHARLES A. SISSON              )    Case No. 06-10676-SSM
                                          )    Chapter 11
             Debtor         )

**MEMORANDUM OPINION**

Before the court is the motion of Cynthia A. Wilcox, the holder of two judgments against the debtor, for partial summary judgment determining that principles of *res judicata* preclude the debtor's objection to Claims No. 5 and 6 filed by her in the aggregate amount of approximately $1.06 million. The court heard the contentions of the parties at a hearing on January 8, 2008, and took the motion under advisement. For the reasons stated, the motion for partial summary judgment will be granted.

Background

Charles A. Sisson ("the debtor") is an economist who has also been involved for the last 20 years buying, rehabilitating and reselling over 80 residential properties. On June 23, 2006, he filed a voluntary petition in this court for reorganization under Chapter 11 of the Bankruptcy Code. Although he initially remained in control of his estate as debtor in possession, the court ultimately directed that a trustee be appointed, and Robert O. Tyler has qualified as chapter 11 trustee in the case. A modified chapter 11 plan proposed by the trustee was confirmed on June 11, 2007, under which allowed unsecured claims would be paid in full from the sale of real property.

Cynthia G. Wilcox filed timely proofs of claim in the amounts of $29,793.88 (Claim No. 5) and $1,062,198.21 (Claim No. 6) for sums due under judgments for damages and attorneys fees entered in her favor by the United States District Court for the District of Columbia after an 8-day bench trial.[1] The judgment for damages was subsequently affirmed on appeal and is final. An appeal of the attorney fees award is currently pending. The underlying controversy arose from a construction contract. Among the witnesses for Ms. Wilcox at the trial was Richard Frank, who testified concerning the condition of the house at the time his company was hired to correct the alleged defects. After the judgment in favor of Ms. Wilcox was affirmed on appeal, the debtor moved for relief under Rule 60(b)(3), Federal Rules of Civil Procedure, on the ground that the judgment had been obtained by means of a fraud upon the court—specifically, that Mr. Frank had been offered 25% of any recovery by Ms. Wilcox to testify on her behalf. The District Court, by order dated April 20, 2006, denied the motion, holding that there was not enough competent evidence to demonstrate fraud, and further stating that "in any event, no deception was achieved….Given that Mr. Frank's testimony was painstakingly and independently corroborated, no fraud could have infected the judgment." The debtor then filed a motion under Rule 59(e), Federal Rules of Civil Procedure, to reconsider the denial of Rule 60 relief. After this court granted relief from the automatic stay to allow the District of Columbia appeals and post-judgment motions to go forward, the Rule 59(e) motion was supplemented with the transcript of a Rule 2004 examination of Mr. Frank that this court authorized. In the examination, Mr. Frank testified that prior to the filing of the suit, Ms. Wilcox had offered him

---

[1] The damage award was in the amount of $847,224, which has been substantially paid down from the proceeds of a supersedeas bond the debtor posted to stay the judgment pending appeal.

25% of any recovery but he adamantly denied that he had accepted the offer or that such an agreement existed.  He did state that he had performed some services (such as showing a photographer Ms. Wilcox had hired what to take pictures of and meeting with her expert to discuss damages) for which he expected and was in fact compensated by including his time—which, however, was not "broken out"—in his percentage-of-completion draw requests to the architect.  The District Court, after reviewing and discussing the transcript of the Frank deposition, denied the Rule 59(e) motion on July 19, 2007.  An appeal from that ruling is currently pending before the United States Court of Appeals for the District of Columbia, as is the appeal from the judgment for attorney's fees.

On July 1, 2007, the debtor filed an objection to the Wilcox claims on two grounds.  The first was that the underlying judgments were the subject of post-trial proceedings and appeals, and the debtor requested that the claims be disallowed "to the extent relief against the judgment" was granted in the District of Columbia.  The second was that both claims were "potentially disallowable pursuant to the doctrine of *Pepper v. Litton* and *Woodruff v. Heiser* due to the claimed misconduct on the part of Mr. Frank and Wilcox[.]"  The present motion for summary judgment addresses only the latter ground of objection.

Discussion

I.

A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes "prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3002(f).  As a result, the party objecting to a properly filed proof of claim has the initial burden of presenting sufficient probative evidence to overcome such prima facie effect.  *In*

3

*re C-4 Media Cable South, L.P.*, 150 B.R. 374, 377 (Bankr. E.D. Va. 1992). Once the debtor has done so, the burden of proof then shifts to the creditor to establish the validity and amount of its claim, *id.,* unless the debtor would have the burden of proof outside bankruptcy. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 120 S.Ct 1951, 147 L.Ed.2d 13 (2000).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1985). In ruling on a motion for summary judgment, a court should believe the evidence of the nonmovant, and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

II.

As noted, the debtor has objected to the Wilcox claims on two grounds: first, that the judgments upon which they are based are subject to possible reversal or modification on appeal; and second, that they were procured by misconduct tantamount to fraud. Ms. Wilcox concedes that reversal or modification of the underlying judgments would be grounds for revisiting any allowance of her claims, but she seeks a ruling that the debtor is otherwise barred by *res judicata* from objecting to the claims.

*Res judicata*. or claim preclusion, prevents litigation in a later proceeding of all grounds for, or defenses to, recovery that were previously available to the parties regardless of whether they were asserted or determined in the prior proceeding. *In re Wizard Software*, 185 B.R. 512, 515 (Bankr.E.D.Va.1995) (*quoting Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979)). Accordingly, where a creditor's claim is founded on a final judgment, an objecting party will not ordinarily be entitled to litigate defenses that were, or could have, asserted in the prior litigation. *Wizard Software*, 185 B.R. at 521. There are, however, certain exceptions to this rule that have been recognized by the Supreme Court In *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 64 L.Ed. 281 (1939), the Court held that a district court had properly disallowed the claim of the president of bankrupt "one-man" corporation where the confessed judgment was entered in his favor solely to thwart a creditor's enforcement of its claim against the company. The Court explained that a bankruptcy court, as a court of equity, may sift the circumstances surrounding a claim to prevent injustice and may subordinate claims of controlling stockholders to prevent injustice. 308 U.S. at 308-09, 60 S.Ct. at 245-46. And in *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), the Court held that the validity of a claim based on a state court judgment may be attacked in bankruptcy court on the grounds of lack of jurisdiction or that the judgment was procured by fraud; however, the Court also held that where the contention that the judgment had been obtained by fraud had been previously litigated in state court, it could not be relitigated in the bankruptcy case.

In the present case, the debtor asserts that *Heiser* and *Pepper* apply because the issue of whether Frank's testimony was purchased has never been heard on the merits. The debtor also asserts that, notwithstanding the denial of his motion for Rule 60(b) relief, the Federal Rules of

5

Civil Procedure preserve his right to bring an independent action to declare the judgments unenforceable.

The court is not persuaded that either *Pepper* or *Heiser* apply to the facts of this case. *Pepper* is more properly an equitable subordination than a disallowance case. It addressed an insider taking advantage of his position to elevate his own claim above that of other creditors. And *Heiser* is clear that a judgment may be collaterally attacked in the bankruptcy court on the ground of fraud only if the issue of fraud had not been previously litigated in the other court. It is true, as the debtor asserts, that the United States District Court for the District of Columbia has never held an *evidentiary* hearing on his contention that Mr. Frank's testimony was purchased; but mere refusal to grant an evidentiary hearing does not mean that the issue has not been *litigated,* where, as here, the issue has been presented to, and considered by, the trial court both on a Rule 60(b) motion for relief from a judgement or order, and on a Rule 59(e) motion—supported by deposition testimony—to alter or amend the order denying Rule 60(b) relief. Crucially, the District Court found, not merely that there was insufficient threshold evidence of fraud, but that even if there was an improper financial arrangement between Ms. Wilcox and Mr. Frank, it would not have resulted in a different outcome, because Mr. Frank's testimony was independently supported by the extensive photographic record.[2] A finding by a trier of fact that proffered post-trial evidence would not have resulted in a different

---

[2] In this respect, the present case is very similar to *In re Korean Air Lines Disaster,* 156 F.R.D. 18 (D.D.C. 1994), which is cited by the debtor but which refutes rather than supports his argument. In *Korean Air Lines*, the District Court, when considering a Rule 60(b) motion to vacate a final judgment of liability based on newly-available evidence, held that relief could not be granted under Rule 60(b)(2) because of the one-year time limitation for relief under that rule, and that, even treating the motion as an independent action, relief was not warranted because the new information would probably not lead to judgment in the airline's favor. *Id.* at 23.

ruling is just as much a ruling on the merits of the fraud claim as a similar finding made after an evidentiary hearing   The debtor's position here, therefore, is no different than the trustee's position in *Heiser*—having unsuccessfully litigated in the District of Columbia his claim that the judgment was obtained by fraud, he can no more litigate it again in this court than the trustee could in *Heiser.*

The debtor argues, however, that because denial of Rule 60(b) relief would not prevent him from bringing an independent action to attack the judgment, he has the same right to assert in this court any challenges to the judgment that could be raised in an independent action.  In support of his argument that an independent action can be maintained even after denial of Rule 60(b) relief, he relies on the opinion in *Carr v. District of Columbia,* 543 F.2d 917 (D.C. Cir. 1976).

This court agrees that a claim based on a judgment may be attacked on any ground that would be available outside bankruptcy, including grounds that could be asserted in an independent action to set aside the judgment. *Wizard Software*, 185 B.R. at 518.  The court does not agree, however, that an independent action may be brought to address the same grounds that were already raised and rejected in a Rule 60(b) motion. *Carr*, which the debtor cites, is not to the contrary.

Rule 60(b) enables a court to grant relief from a judgment, by determining that the need for truth and justice outweighs the need for finality. More specifically, Rule 60(b)(3) permits the court, on motion made within one year of the entry of the judgment, to relieve a party from a final judgment arising from fraud, misrepresentation, or other misconduct of an adverse party. The rule also contains a savings clause stating that the rule "does not limit a court's power . . . to

7

entertain an independent action to relieve a party from a judgment, order or proceeding[.]" Fed.R.Civ.P. 60(d)(1). *Carr* acknowledged the right of a party to proceed under either Rule 60(b), if the conditions of that rule were satisfied, or by independent action; but nowhere does it suggest that a party may do both. In *Carr*, landowners who were appealing a judgment requiring them to pay the United States $196,200 as a condition of closing a public alley abutting their property filed motions while the appeal was under submission asserting for the first time that, according to information they had recently acquired, the United States did not own the alley at the time of closure. The Court held that, because the issue had not been raised at trial, it could not be considered on appeal. The Court noted, however, that "two *alternative* routes to possible relief from adjudicative conclusiveness" were potentially available. 543 F.2d at 925 (emphasis added). The first, under Rule 60(b)(2) for relief from a judgment based on newly discovered evidence, was "closed," however, because such a motion would have been beyond the one-year time limit for bringing it. 543 F.2d at 925-26. The second—the "independent action" preserved by Rule 60(b)—is not subject to the one-year limitation and was therefore "the only method to be had." 543 F.2d at 926.[3] That the continued availability of an independent action is an alternative, not an addition, to Rule 60(b) relief is clearly set forth by the decision in *Lockin v. Switzer Bros., Inc.,* 335 F.2d 331 (7th Cir. 1964). In that case, the Seventh Circuit held that denial of a Rule 60(b) motion for relief from judgment, and the affirmance of that denial on appeal, was *res judicata,* and that a subsequent independent action could not be brought for relief

---

[3] Because the money had already been paid into escrow for the benefit of the United States, the Court explained that although the "preferred" forum for an independent action for relief from a judgment is the original trial court, in this instance the action might have to be brought for jurisdictional reasons in the Court of Claims. 543 F.2d at 442-43.

from the judgment on substantially the same grounds. 335 F.2d at 334 ("We think Rule 60(b), under the circumstances before us, provides for *alternative*, and not cumulative, methods of relief....") (emphasis added). To be sure, *res judicata* would not apply where an independent action raised different grounds than those asserted in a prior Rule 60(b) motion. Nor would an independent action be barred if Rule 60(b) relief were denied solely on the ground that the motion was not brought within the one-year time limitation that applies to certain of the grounds, or if relief were denied for other reasons not going to the merits of the challenge. But it is quite another thing to allow an independent action when the grounds for challenging the judgment have already been considered on a Rule 60(b) motion. The debtor's challenge in this court to Ms. Wilcox's judgment is not based on evidence that has been obtained, or on grounds that have arisen, since denial of the Rule 59(e) motion, nor was his challenge denied by the District Court based on technical grounds not going to the merits of the challenge. Accordingly, the debtor's characterization of his objection to Ms. Wilcox's claim as the equivalent of an independent action to set aside the judgment is not sufficient to overcome its *res judicata* effect.

A separate order will be entered granting summary judgment that the judgments in Ms. Wilcox's favor—except to the extent modified or vacated on appeal in the District of Columbia—are determinative of the validity and amount of her claim.

Date: _____           _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge

Copies to:

Bruce W. Henry, Esquire
Henry, O'Donnell, Dahnke, and Walther, P.C.
4103 Chain Bridge Road, Suite 100
Fairfax, VA  22030
Counsel for the debtor

Jeremy B. Root, Esquire
Blankingship & Keith, PC
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Counsel for Cynthia A. Wilcox

Robert O. Tyler, Esquire
Tyler, Bartl, Gorman & Ramsdell, PLC
700 S. Washington Street, Suite 216
Alexandria, VA  22314
Chapter 11 trustee

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314